Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Facsimile:    916.561.0828

Attorneys for Defendants
CENTENE CORPORATION, CENTENE
MANAGEMENT COMPANY LLC, THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY, and LINCOLN FINANCIAL
GROUP

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JENSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, and DOES 1 to 50,<br><br>        Defendants. | Case No. [#]<br><br>*[Removed from Sacramento Superior Court Case No. 24CV026785]*<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441, AND 1446]**<br><br>Trial Date:      Not Yet Set<br>Complaint Filed:  December 30, 2024 |

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF PAUL JENSEN, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and LINCOLN FINANCIAL GROUP ("Defendants") hereby remove the above-entitled action from the Superior Court for the State of California, County of Sacramento, to the United States District Court for the Eastern District of California. This removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1332(a).

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## VENUE

2.     This action was filed in the Superior Court for the State of California, Sacramento County. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(b), 1391, and 1441(a).

## PLEADINGS, PROCESS, AND ORDERS

3.     On or about January 2, 2025, Plaintiff PAUL JENSEN ("Plaintiff") filed a First Amended Complaint with jury demand in the Superior Court for the State of California, Sacramento County, entitled *Paul Jensen v. Centene Corporation et al.*, Case No. 24CV026785 (the "Complaint" or "Compl."), asserting causes of action for: (1) FEHA – Failure to Accommodate; (2) FEHA – Failure to Engage in Interactive Process; (3) FEHA – Disability Discrimination; (4) FEHA – Age Discrimination; (5) CFRA – Failure to Provide Leave; (6) CFRA – Retaliation; and (7) Wrongful Termination in Violation of Public Policy.

2.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

4. Defendants filed their answer on February 18, 2025. See McKinney Decl. ¶ 2, Ex. A (Defendants' Answer).

## INDIVIDUAL & DOE DEFENDANTS

5. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day removal period runs from the service of the summons and complaint; informal receipt of summons and complaint is insufficient to trigger removal period). On January 17, 2025, the Summons and Complaint were served on Defendant, Centene Corporation. On January 21, 2025, the Summons and Complaint were served on Defendant, Lincoln Financial Group. As Defendants filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

7. Any civil action commenced in state court is removable if it could have been brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

8. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and the fact that the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

///

///

3.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

## A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

### 1.    *Plaintiff is a Citizen of the State of California*.

9.    Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983). Residence is *prima facie* evidence of domicile.  *Marroquin v. Wells Fargo, LLC,* 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

10.    Plaintiff is a resident of California. *See* McKinney Decl. ¶ 2, Ex. A; Plaintiff's Complaint ¶1. Plaintiff is therefore domiciled in California.

### 2.    *Defendants Are Not Citizens of the State of California.*

11.    For purposes of Section 1332, a limited liability company's citizenship is determined by the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters.  *Id*. at 80-81. This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990). The citizenship of a limited liability company is determined, for diversity jurisdiction purposes, by examining the citizenship of each member of the limited liability company.  *See Carden v. Arkoma Assocs*., 494 U.S. 185, 195 (1990).

4.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

12. Centene Corporation is incorporated under the laws of Delaware and maintains its principal place of business in Missouri.

13. Lincoln Financial (formerly Lincoln Financial Group) is the marketing name for Lincoln National Corporation and insurance company affiliates, including The Lincoln National Life Insurance Company and is incorporated under the laws of Indiana and maintains its principal place of business in Fort Wayne, Indiana.

14. Consequently, Defendants are not citizens of California and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).

### 3. The Citizenship of the Doe Defendants Should be Disregarded for Diversity Purposes.

15. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

16. Defendants Does 1-50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

17. Defendants need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. ("[T]he defendant's amount-in-

5.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (Internal citations and quotations omitted).

18.    For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the complaint).

19.    In his Complaint, Plaintiff alleges claims for various forms of discrimination and retaliation, including under the Fair Employment and Housing Act, failure to accommodate, and wrongful termination on and before June 24, 2024. *See* McKinney Decl. Exhibit A, Compl. ¶¶ 11-20. Plaintiff seeks past and future economic damages, non-economic (emotional distress) damages, punitive damages, and attorney's fees. *Id*. At ¶¶ 21-22 & p. 8-9 (prayer for relief).

20.    Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff exceeds the sum of $75,000 exclusive of interest and costs.

### 1.    *Lost Earnings*

21.    At the time of Plaintiff's termination, he was a full-time employee earning $115,820.88 per year. If Plaintiff were to recover back wages from June 24, 2024 (when his employment with Defendant ended) to the present, she potentially could recover back wages totaling approximately $75,728.88 ($2,227.32/wk. x  34 wks.). This alone is enough to meet the threshold amount. Moreover,

6.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

according to, *Table C-5. U.S. District Courts–Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2024*, the average time for a civil case to proceed to trial is 67.7 months. If the case proceeds to trial on this timeline it will be heard in September 2030 (5 years after the date of filing.) In keeping with a conservative estimate even if this matter goes to trial on year from the date of filing of this removal, in February 2025 – he would be seeking a total of about 86 weeks of lost wages, or approximately $191,549.52 ($2,227.32/wk. x 86 wks.). Accordingly, wages alone account for the threshold amount for diversity jurisdiction.

### 2.    *Emotional Distress Damages*

22.    Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct, he has suffered "humiliation, mental anguish, and emotional and physical distress." McKinney Decl., Exhibit A; Compl. ¶ 22. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see* also *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least $50,000 to the amount in controversy.

### 3.    *Punitive Damages*

23.    Plaintiff also seeks punitive damages which may be included in the amount in controversy. McKinney Decl., Exhibit A; Compl. P. 8 (prayer for relief); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

46 (9th Cir. 2001). According to the U.S. Supreme Court, punitive damages can be up to four times higher than the amount of compensatory damages. *See State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408, 425 (2003). Employment discrimination cases have the potential for large punitive damages awards. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (observing punitive damages awards exceeding $1,000,000 in employment cases). Jury verdicts in California cases involving similar factual allegations demonstrate that, were Plaintiff to prove the allegations of the Complaint and prevail at trial, his punitive damages could bring the amount in controversy to well over the $75,000 threshold. For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the plaintiff alleged that, after he began experiencing panic attacks during her employment, her employer refused to accommodate her condition by permitting her to be absent without notice, and ultimately terminated her employment for violating its attendance policy. The plaintiff then sued and asserted claims under the FEHA for disability discrimination and harassment, failure to accommodate, and wrongful termination. The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), the plaintiff alleged that, after she had taken a leave of absence to undergo treatment for breast cancer, her employer required her to return to work after four months and told her that she would be fired if she needed more time. When she requested that she be permitted to work from home, her request was denied; upon returning to work, she was demoted to a position that involved greater physical demands. The plaintiff resigned her position due to stress. She then sued the employer, alleging claims of disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process. The jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the employer. The appellate court affirmed. Even using the conservative lost wages and emotional distress damages figures listed above, an award of punitive damages to Plaintiff could amount to $966,198.08 ($241,549.52 x 4).

///

///

8.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

#### 4.    Attorneys' Fees

24.    Plaintiff also seeks attorneys' fees in connection with his claims. *See* McKinney Decl., Exhibit A; Compl. at p. 9.  It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Sasso*, 2015 WL 898468, at *6. Attorneys' fees are recoverable as a matter of right to a prevailing plaintiff under the Fair Employment and Housing Act.  Cal. Gov't Code § 12965(b).  While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").  Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Id*.  "Recent estimates for the number of hours expended through trial for employment cases in [the Eastern District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso*, 2015 WL 898468, at *6.  Thus, the attorneys' fees component of Plaintiff's claims easily adds at least $30,000 to the amount in controversy, if not more.

#### 5.    Summary of Amount in Controversy

25.    Defendants wholly deny that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in her Complaint is taken as a whole, the amount in controversy, even using very conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost earnings | $191,549.52 |
| Emotional distress | $50,000 |
| Punitive damages | $966,198.08 |
| Attorneys' Fees | $30,000 |

9.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

| Total Amount in Controversy | $1,237,747.60 |
|---|---|

## NOTICE TO PLAINTIFF AND STATE COURT

26.     Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Sacramento County Superior Court.

## CONCLUSION

WHEREFORE, Defendants pray that the above-referenced action now pending against them in the Superior Court of California, Sacramento County, be removed therefrom to this Court.

Dated:  February 18, 2025                                  LITTLER MENDELSON, P.C.


                                                          /s/ Nicholas W. McKinney
                                                          BARBARA A. BLACKBURN
                                                          NICHOLAS W. MCKINNEY
                                                          Attorneys for Defendants
                                                          CENTENE CORPORATION, CENTENE
                                                          MANAGEMENT COMPANY LLC, THE
                                                          LINCOLN NATIONAL LIFE INSURANCE
                                                          COMPANY, and LINCOLN FINANCIAL GROUP

4911-0606-6457 / 082220.1325

10.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION