Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendants
CENTENE CORPORATION, CENTENE
MANAGEMENT COMPANY LLC, THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY, and LINCOLN FINANCIAL
GROUP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JENSEN, | Case No. [#] |
| Plaintiff, | *[Removed from Sacramento Superior Court Case No. 24CV026785]* |
| v. | **DECLARATION OF NICHOLAS W. McKINNEY IN SUPPORT OF DEFENDANTS' REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, and DOES 1 to 50, | |
| Defendants. | Trial Date: Not Yet Set<br>Complaint Filed: December 30, 2024 |

DECLARATION OF NICHOLAS W.
McKINNEY IN SUPPORT OF
DEFENDANTS' REMOVAL

I, Nicholas W. McKinney, do hereby declare and state as follows:

1.    I am an attorney with Littler Mendelson, P.C., attorneys of record for Defendants CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC ("Centene Defendants"), THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and LINCOLN FINANCIAL GROUP ("Lincoln Financial Defendants") (Collectively "Defendants"). I am duly licensed to practice law before the courts of the State of California and have been admitted to practice in the United States District Court for the Eastern District of California. I have personal knowledge of the facts set forth below and, if called upon to testify regarding the matters contained in this Declaration, I could and would competently do so.

2.    On or about January 2, 2025, Plaintiff PAUL JENSEN ("Plaintiff") filed a First Amended Complaint with jury demand in the Superior Court for the State of California, Sacramento County, entitled *Paul Jensen v. Centene Corporation et al.*, Case No. 24CV026785.

3.    Attached hereto as **Exhibit A** is a true and correct copy of the Summons and First Amended Complaint, which were served on Centene Defendants on January 17, 2025 and served on Lincoln Financial Defendants on January 21, 2025; along with Defendants' Answer to Plaintiff's Complaint, which was filed with the Sacramento County Superior Court by Defendant on February 18, 2025.

4.    To my knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court for the State of California, Sacramento County, or served by any party other than as described above.

1.    Pursuant to 28 U.S.C. § 1446(d), **Exhibit A** constitutes all process, pleadings, and orders filed in the State Court Action. I am not aware of any other proceedings that have been heard in the State Court Action, and no other parties have been named or served with the Summons and Complaint in the State Court Action.

///

///

///

///

///

///

2.

DECLARATION OF NICHOLAS W. McKINNEY IN SUPPORT OF DEFENDANTS' REMOVAL

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

5.      Immediately following the filing of the Notice of Removal in the United States District Court for the Eastern District of California, my office will arrange for notice of such filing to be given to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Sacramento County Superior Court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at Sacramento, California on this 18th day of February 2025.

_____
NICHOLAS W. McKINNEY

4934-2217-4233 / 082220.1325

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California
95814
916.830.7200

3.

DECLARATION OF NICHOLAS W.
McKINNEY IN SUPPORT OF
DEFENDANTS' REMOVAL

# EXHIBIT A

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Nicholas W. McKinney, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Facsimile:    916.561.0828

Attorneys for Defendants
CENTENE CORPORATION, CENTENE
MANAGEMENT COMPANY LLC, THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY, and LINCOLN FINANCIAL
GROUP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| PAUL JENSEN,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, and DOES 1 to 50,<br><br>Defendants. | Case No. 24CV026785<br><br>ASSIGNED FOR LAW & MOTION TO HON. CHRISTOPHER E. KRUEGER, DEPT. 54<br><br>**DEFENDANTS CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, AND LINCOLN FINANCIAL GROUP'S ANSWER TO PLAINTIFF PAUL JENSEN'S FIRST AMENDED COMPLAINT**<br><br>Trial Date:        Not Yet Set<br>Complaint Filed:   December 30, 2024 |

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and LINCOLN FINANCIAL GROUP ("Defendants") hereby answer PAUL JENSEN's ("Plaintiff") first amended complaint for damages ("Complaint") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants generally deny each and every allegation contained in Plaintiff's Complaint, and further deny that Plaintiff is entitled to penalties, attorneys' fees, costs of suit, general damages, special damages, compensatory damages, interest, injunctive relief, or any other relief of any kind whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, which they have designated, collectively, as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended to alter Plaintiff's burden of proof with regard to any element of his causes of action. Moreover, Defendants do not presently know all the factors concerning Plaintiff's conduct sufficient to state all affirmative defenses at this time.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

1.    The Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Waiver)**

2.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

///

///

///

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and/or Collateral Estoppel)**

7.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the doctrine of res judicata and/or collateral estoppel.

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

8.      Each purported cause of action set forth in the Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including, without limitation, those set forth in California Government Code sections 12960 and 12965(b) and (d); California Code of Civil Procedure sections 335.1, 338, 340 and 343; California Code of Civil Procedure sections 337, 338(a) and(d), 339, 340 and 343, and/or California Business & Professions Code section 17208.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

9.      The Complaint, and each cause of action set forth therein are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies with the California Civil Rights Department, formerly known as California Department of Fair Employment and Housing ("CRD"), and/or the Equal Employment Opportunity Commission.

## TENTH AFFIRMATIVE DEFENSE

### (Claims Exceed Scope of Administrative Charge(s))

10.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that Plaintiff did attempt to exhaust his administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, the causes of action asserted in the Complaint are not like or reasonably related to the allegations of Plaintiff's charge(s) filed with the CRD, and/or the Equal Employment Opportunity Commission.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences because Defendants took all reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow Defendants' policies and practices and

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

failed to use the preventative and corrective opportunities provided to him, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE
### (Managerial Privilege)

12.    Without admitting any of the acts, conduct, or statements attributed to Defendants in the Complaint, Defendants allege that they took no inappropriate action toward Plaintiff and any actions taken toward Plaintiff by Defendants are protected by the managerial privilege in that Defendants' actions with respect to Plaintiff's employment, which Plaintiff claims to be wrongful, were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons based upon all relevant facts and circumstances known by Defendantsat the time they acted, therefore barring Plaintiff from recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Reasons for Employment Decisions)

13.    The Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Defendants Acted in Good Faith and with Good Cause)

14.    Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendants with respect to Plaintiff's employment and Defendants acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendants at the time they acted.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Mixed-Motive)

15.    Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that even if Plaintiff could establish that any of the allegations set forth in the Complaint were motivated by a potentially illegitimate motive, that

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

Defendants would have made the same decision and/or taken the same action even if they had not taken the alleged illegitimate motive into account.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

16.    Defendants alleges that, to the extent Defendants acquire any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims for damages and shall reduce such claims as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

17.    Defendants allege that the Complaint and each cause of action therein, or some of them, are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendants under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and/or 2859.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

18.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the liability for them reduced, to the extent Plaintiff failed to exhaust appropriate internal remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

19.    Defendants allege that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendants because Plaintiff had been an at-will employee at all times during his employment with Defendant Centene, with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

///

///

///

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

## TWENTIETH AFFIRMATIVE DEFENSE
### (Outside Course and Scope of Employment)

20.    Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the Complaint and each cause of action set forth therein are barred, in whole or in part, because if Plaintiff suffered any injury (which Defendants deny), such injury was caused by the practices or instrumentalities of parties and/or unauthorized individuals who were not within the scope and exclusive control of Defendants, nor acting within the course and scope of their employment with Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Avoid Harm)

21.    Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because: (a) Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior, including, but not limited to, having in place appropriate policies and procedures which were communicated to Plaintiff; (b) Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm; and (c) Plaintiff's reasonable use of his employer's policies and procedures would have prevented at least some of the purported harm of which Plaintiff now complains.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Offset)

22.    Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

23.    Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, Plaintiff failed to exercise reasonable care to

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

mitigate his damages, if any were suffered, and that his rights to recover against Defendants should be reduced and/or eliminated by such a failure.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Damages Caused by Outside Factors)

24.    If Plaintiff has suffered any damages as alleged in his Complaint, such damages were proximately caused by factors other than Plaintiff's employment, the actions of Defendants and/or anyone acting on any Defendant's behalf.  If Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct of Plaintiff and/or parties other than Defendants and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals, including both economic and non-economic damages.  In the event of such apportionment, Defendants are entitled to a separate judgment for non-economic damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendants' continuing denial of any fault, pursuant to California Civil Code section 1431.2, with such percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown.  To assess any greater percentage of fault and damages than its own against any of the Defendants would constitute a denial of equal protection of the law and due process which is guaranteed by the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualifications)

25.    Defendants are informed and believe, and on that basis allege, that the Complaint and each and every alleged cause of action, in whole or in part, are barred because Defendants' conduct toward Plaintiff was fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit or other bona fide occupational qualifications.

///

///

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

26.    Defendants allege Plaintiff's Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA is barred, in whole or in part, because it does not exist as a private right of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

27.    Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, on the grounds that if any discriminatory, harassing or retaliatory behavior occurred (which Defendants deny), Defendants exercised reasonable care to prevent and promptly and appropriately redress all such behavior.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Knowledge)

28.    Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Defendants did not have knowledge of any propensity by the alleged actor(s) to engage in the particular form of alleged wrongdoing Plaintiff alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

29.    Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to a defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

## THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Justified)

30.     Defendants allege that without admitting to any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct, or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director or managing agent of any of the Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unauthorized Conduct)

31.     Defendants allege that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because even assuming, arguendo, any agent of any Defendant engaged in any unlawful conduct toward Plaintiff (which Defendants deny), said conduct occurred outside the course and scope of any employment or agency relationship with Defendants, in violation of their policies, and/or without the knowledge, authorization, consent, or ratification of any Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

32.     The Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Too Speculative)

33.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because the damages Plaintiff alleges in the Complaint, if any, are too speculative to be recoverable at law.

///

///

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff's Claims are in Bad Faith)

34.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and costs against Plaintiff and his attorneys pursuant to California law including, but not limited to California Code of Civil Procedure section 128.5 and/or Government Code section 12965(b).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

35.     The Complaint and each cause of action set forth therein is barred, in whole or in part, to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Business Necessity)

36.     Defendants allege without admitting that any Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unreasonableness of Accommodation)

37.     Defendants allege that to the extent Plaintiff requested accommodation relating to a disability, which Defendants specifically deny, such accommodations would have been unreasonable under the circumstances.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

38.     Defendants allege that to the extent Plaintiff requested accommodations relating to a disability, which Defendants specifically deny, such accommodations would cause undue hardship on his employer's operations.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Not Plaintiff's Employer)

38.     Defendants CENTENE CORPORATION, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, and LINCOLN FINANCIAL GROUP allege that they cannot be liable for any of the allegations in Plaintiff's complaint because they did not employ Plaintiff and were not in a joint employment relationship with Plaintiff's employer.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants do not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time.  Accordingly, Defendants expressly reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiff takes nothing by way of his Complaint in relation to Defendants;

2.     That judgment be entered in Defendants' favor and against Plaintiff on all causes of action;

3.     That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendants on each claim;

4.     That Defendants be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

5.     That Defendants be awarded for such further relief as the Court deems just and proper.

///

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

Dated:  February 18, 2025                    LITTLER MENDELSON, P.C.

BARBARA A. BLACKBURN
NICHOLAS W. MCKINNEY
Attorneys for Defendants
CENTENE CORPORATION, CENTENE
MANAGEMENT COMPANY LLC, THE
LINCOLN NATIONAL LIFE INSURANCE
COMPANY, and LINCOLN FINANCIAL
GROUP

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I am employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On this 18th day of February, 2025, I served a copy of the within document(s):

**DEFENDANTS CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, AND LINCOLN FINANCIAL GROUP'S ANSWER TO PLAINTIFF PAUL JENSEN'S FIRST AMENDED COMPLAINT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is smasada@littler.com:

George F. Allen                                   Attorney    for    Plaintiff
1903 21st Street                                  PAUL    JENSEN
Sacramento, California 95811
Telephone:    916.444.8765
looga@looga.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 18th day of February, 2025, at Sacramento, California.

_____
Sophia Masada

14

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Legal Department
Centene Corporation
7700 FORSYTH BLVD
SAINT LOUIS, MO 63105-1807

**RE:**    **Process Served in California**

**FOR:**    Centene Management Company LLC  (Domestic State: WI)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PAUL JENSEN // To: Centene Management Company LLC |
| **CASE #:** | 24CV026785 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/17/2025 at 12:39 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  CARYN ROJA  catherine.roja@centene.com |
| | Email Notification,  JULIET GRIMSON  juliet.l.grimson@centene.com |
| | Email Notification,  TINA MCFARLAND  tina.m.mcfarland@centene.com |
| | Email Notification,  Legal Department  legal_operations@centene.com |
| | Email Notification,  Manali Patel  manali.patel@centene.com |
| | Email Notification,  Jordan Elliott  jordan.elliott@centene.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                       Fri, Jan 17, 2025
**Server Name:**                                Bruce Anderson

| Entity Served | CENTENE MANAGEMENT COMPANY LLC |
|---|---|
| Case Number | 24CV026785 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
01/03/2025
By: _____Jessica Sroufe_____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Centene Corporation, The Lincoln National Life Insurance Company, Lincoln Financial Group, Does 1 to 10, Centene Management Company, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Paul Jensen

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court

720 Ninth Street, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*
24CV026785

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Allen, 1903 21st Street, Sacramento, CA 95811  916-444-8765

DATE:
*(Fecha)* 01/03/2025

Clerk, by
*(Secretario)* _____/s/ J. Sroufe_____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*    Centene Management Company, LLC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
01/02/2025
By: _____Jessica Sroufe_____ Deputy

GEORGE F. ALLEN (SBN 145357)
1903 21ST Street
Sacramento, CA 95811
(916) 444-8765
*looga@looga.com*

Attorney for Plaintiff
PAUL JENSEN

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| PAUL JENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, Does 1 to 50,<br><br>    Defendants. | Case No.: 24cv026785<br><br>Case Filed: 12/30/24<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **FEHA – Failure to Accommodate**<br><br>2.  **FEHA – Failure to Engage in Interactive Process**<br><br>3.  **FEHA – Disability Discrimination**<br><br>4.  **FEHA – Age Discrimination**<br><br>5.  **CFRA – Failure to Provide Leave**<br><br>6.  **CFRA - Retaliation**<br><br>7.  **Wrongful Termination in Violation of Public Policy**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PAUL JENSEN is informed and believes, and on that basis alleges as follows:

## THE PARTIES

1.    Plaintiff was, at all relevant times, an adult resident of California and an employee of Defendants in Sacramento County. As of this filing, Plaintiff is 73 years old..

-1-

2.    Defendant CENTENE CORPORATION is a corporation, doing business in Sacramento County, and Plaintiff's former employer.

3.    Defendant CENTENE MANAGEMENT COMPANY LLC is a corporation, doing business in Sacramento County, and Plaintiff's former employer. As used in this First Amended Complaint, "CENTENE" refers to CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY LLC, jointly and severally.

4.    Defendant LINCOLN NATIONAL LIFE INSURANCE COMPANY is a corporation, doing business in Sacramento County, and an agent of Defendant CENTENE. LINCOLN NATIONAL LIFE INSURANCE COMPANY is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.)

5.    Defendant LINCOLN FINANCIAL GROUP is a business entity, of form unknown to Plaintiff, doing business in Sacramento County, and an agent of Defendant. CENTENE. LINCOLN FINANCIAL GROUP is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.) As used in this Complaint, "LINCOLN" refers to LINCOLN FINANCIAL GROUP and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, jointly and severally.

6.    The true names and capacities of Defendants Does 1 through 10 are unknown to Plaintiff, who, therefore, sues these Does by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

7.    At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents of each of the remaining Defendants, and were at all times acting within the scope of that agency, and each Defendant has ratified the acts of his/her/its co-Defendants.

8.    Defendants, and each of them, acted as alleged herein with an intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.

-2-

COMPLAINT

9. Plaintiff has exhausted his administrative remedies by filing a complaint with the California Civil Rights Department. The Civil Rights Department issued Plaintiff a "right to sue" letter with on year of this Complaint. A true and accurate copy of the right to sue letter is attached hereto as Exhibit A.

**STATEMENT OF FACTS**

10. Plaintiff has been employed by CENTENE and its corporate predecessor since 2002. At the time of termination, his job title was Lead Physical Security Specialist. Plaintiff is a former municipal Police Officer. At CENTENE, he was responsible for building security: camera systems, alarm systems, badging, and the like.

11. In 2022, Plaintiff's wife was diagnosed with cancer. Hers was a particularly bad cancer, requiring multiple surgeries and extensive treatment. Plaintiff was heavily involved with his wife's care and treatment, and remained heavily involved through the time of his request for medical leave, described *infra*.

12. In early 2024, leading up to Plaintiff's request for medical leave, Plaintiff's adult son was behaving erratically, and engaged in behaviors that were hostile and harmful to Plaintiff and his wife.

13. These family difficulties were very stressful, and led Plaintiff to develop a mental disability. Plaintiff requested leave as an accommodation for his disability.

14. CENTENE has retained LINCOLN to administer certain employee benefits, including decision-making for leaves covered by the California Family Rights Act, the Fair Employment & Housing Act, and other laws. As directed by CENTENE, Plaintiff submitted a leave request to LINCOLN, with leave to begin March 1, 2024.

15. On March 1, 2024, LINCOLN acknowledged receipt of Plaintiff's request for leave, and designated the leave as "Family & Medical Leave Act (FMLA) and/or State leave, Centene Corporation Medical Leave, and disability claim for a leave of absence."

16. On April 4, 2024, LINOLN notified Plaintiff that his "FMLA and/or [CFRA] leave has been approved" and that he had "480 hours of unpaid leave remaining" under CFRA.

-3-

17.    On at least two occasions after March 1, 2024, Plaintiff's treating physician submitted to LINCOLN, on forms supplied by LINCOLN, documentation of Plaintiff's need for leave, with an anticipated return to work date of August 24, 2024. Plaintiff's treating physician's office also had one or more telephone conversations with LINCOLN, in which Plaintiff's need for leave was confirmed.

18.    From March 1, 2024 forward, LINCOLN sent Plaintiff confusing and internally inconsistent letters regarding his leave and leave request. The letters incorrectly stated the dates for which Plaintiff requested leave, and requested supporting documentation that Plaintiff and his physician had already provided.

19.    On June 3, 2024, according to LINCOLN, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA.

20.    On June 24, 2024, CENTENE terminated Plaintiff's employment. CENTENE falsely stated that Plaintiff "failed to contact [LINCOLN] and/or submit a request to extend your leave of absence. You have failed to return from leave." CENTENE deemed this a "voluntary resignation" and informed Plaintiff "your employment has been terminated effective today."

21.    As a proximate result of Defendants' conduct, Plaintiff has suffered the loss of income, and will continue to suffer loss of income in the future.

22.    As a proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.

**FIRST CAUSE OF ACTION**
**FEHA – FAILURE TO ACCOMMODATE**
**(Against Defendants CENTENE and LINCOLN)**

23.    Plaintiff repeats and re-alleges paragraphs 1 through 22 of this Complaint, and incorporates them by reference, as though set forth in full.

24.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

-4-

25.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

26.    At all relevant times, Plaintiff was a person with a disability within the meaning of FEHA. Plaintiff requested a leave of absence from work as an accommodation for his disability. Such leave is expressly authorized as a type of accommodation required by FEHA. (2 CCR § 11068(c).)

27.    Defendants refused to provide the leave Plaintiff requested and, instead, terminated his employment in violation of Gov. Code § 12940(m).

28.    WHEREFORE, Plaintiff seeks relief as requested below.

## SECOND CAUSE OF ACTION
### FEHA -- FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### (Against Defendants CENTENE and LINCOLN)

29.    Plaintiff repeats and re-alleges paragraphs 1 through 28 above, and incorporates them by reference, as though set forth in full.

30.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

31.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

32.    FEHA requires an employer to either agree to an employee's request for reasonable accommodation, or engage in a timely & good-faith interactive process with the requesting employee, to ascertain what alternative accommodations may be available. Defendants did not provide the leave requested by Plaintiff, and did not engage in the required interactive process, in violation of Gov. Code § 12940(n).

33.    WHEREFORE, Plaintiff seeks relief as requested below.

**THIRD CAUSE OF ACTION**
**FEHA – DISABILITY DISCRIMINATION**
**(Against Defendant CENTENE and LINCOLN)**

34.    Plaintiff repeats and re-alleges paragraphs 1 through 33 above, and incorporates them by reference, as though set forth in full.

35.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

36.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

37.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that employee's status as a person with a disability. (Gov. Code § 12940(a).)

38.    Plaintiff's status as a person with a disability was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

39.    WHEREFORE, Plaintiff seeks relief as requested below.

**FOURTH CAUSE OF ACTION**
**FEHA – AGE DISCRIMINATION**
**(Against Defendants CENTENE and LINCOLN)**

40.    Plaintiff repeats and re-alleges paragraphs 1 through 39 above, and incorporates them by reference, as though set forth in full.

41.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

42.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

43.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that's employee's age of 40 or more years. (Gov. Code § 12940(a).)

-6-

44.    Plaintiff's age, 73 at the time of termination, was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

45.    WHEREFORE, Plaintiff seeks relief as requested below.

### FIFTH CAUSE OF ACTION
### CFRA – FAILURE TO PROVIDE LEAVE
### (Against Defendant CENTENE)

46.    Plaintiff repeats and re-alleges paragraphs 1 through 45 above, and incorporates them by reference, as though set forth in full.

47.    Defendant CENTENE was, at all relevant times, an employer subject to liability under CFRA.

48.    Plaintiff was, at all relevant times, a covered employee, entitled to twelve weeks of medical leave under CFRA. (Gov. Code § 12945.2.)

49.    Plaintiff requested leave for his own serious medical condition from March 1, 2024 to August 24, 2024. The first 12 weeks of that period would be covered by CFRA (with the balance to be provided as a disability accommodation under FEHA).

50.    According to Defendants, Plaintiff's "requested leave of absence ended on 05/01/2024 ." This was false, Plaintiff requested leave until August 24, 2024. According to Defendants, as of June 3, 2024, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA. Had Plaintiff been on CFRA leave from March 1 to June 3, he would have exhausted his 12 week bank of CFRA leave.

51.    Defendants did not approve Plaintiff for CFRA leave after 5/1/24, despite Plaintiff's request for leave, and his balance – according to Defendants – of 128 hours of CFRA leave.

52.    Defendant CENTENE failed and refused to provide Plaintiff with 12 weeks of protected leave, in violation of CFRA.

53.    WHEREFORE, Plaintiff seeks relief as requested below.

-7-

## FIFTH CAUSE OF ACTION
### CFRA –RETALIATION
### (Against Defendant CENTENE)

54.    Plaintiff repeats and re-alleges paragraphs 1 through 53 above, and incorporates them by reference, as though set forth in full.

55.    Under CFRA, it is an illegal employment practice to retaliate against an employee for exercising his right to CFRA leave. (Gov. Code § 12945.2(k).)

56.    Plaintiff's action of requesting, and taking, CFRA leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

57.    WHEREFORE, Plaintiff seeks relief as requested below.

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against Defendant Centene)

58.    Plaintiff repeats and re-alleges paragraphs 1 through 57 above, and incorporates them by reference, as though set forth in full.

59.    The public policy of the State of California, including, without limitation, CFRA and FEHA, prohibits employers from terminating employees due to age or disability, or in retaliation for requesting accommodations or medical leave, or for taking medical leave.

60.    Defendant's decision to terminate Plaintiff's employment was made in violation of the foregoing public policies.

61.    WHEREFORE, Plaintiff seeks relief as requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and for the requested relief as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages;

4.    For pre-judgment and post-judgment interest, at the maximum rate and from the earliest date allowed, according to proof;

-8-

5.    For attorney fees and costs, as permitted by law, with respect to the First, Second, Third, Fourth and Fifth Causes of Action;

6.    For costs of suit, as permitted by law;

7.    For injunctive relief requiring Defendant Centene to distribute information to its employees regarding their rights to take leave under CFRA and FEHA, for injunctive relief requiring Defendant Lincoln to revise its form of communicating with Cenetene employees regarding leave, and for such other and further injunctive relief as the Court deems appropriate; and

8.    For such other and further relief as the Court deems just and proper.

Dated:  January 2, 2025

By: /s/ George F. Allen
George F. Allen, Attorney for
Plaintiff Paul Jensen

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims triable by jury.

Dated:  January 2, 2025

By: /s/ George F. Allen
George F. Allen, Attorney for
Plaintiff Paul Jensen

-9-

COMPLAINT

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 30, 2024

Paul Jensen
8491 Andre Court
Citrus Heights, CA 95610

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202412-27312306
       Right to Sue: Jensen / Centene Corporation et al.

Dear Paul Jensen:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 30, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                                KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 2, 2025

Paul Jensen

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202501-27594402
       Right to Sue: Jensen / Centene Managment Company LLC

Dear Paul Jensen:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective January 2, 2025 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file
your complaint with a local government agency that enforces employment anti-
discrimination laws if one exists in your area that is authorized to accept your
complaint. If you decide to file with a local agency, you must file before the
deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your
complaint with a local agency does not prevent you from also filing a lawsuit in
court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Centene Corporation, The Lincoln National Life Insurance Company, Lincoln Financial Group, Does 1 to 10

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
01/02/2025
By: _____ S. Burdette ____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Paul Jensen

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento County Superior Court<br><br>720 Ninth Street, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24CV◼26785 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Allen, 1903 21st Street, Sacramento, CA 95811  916-444-8765

| DATE:<br>*(Fecha)* 01/02/2025 | Clerk, by<br>*(Secretario)* **/s/ S. Burdette** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*    Defendant Centene Management Company, LLC
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form |

GEORGE F. ALLEN (SBN 145357)
1903 21ST Street
Sacramento, CA 95811
(916) 444-8765
*looga@looga.com*

Attorney for Plaintiff
PAUL JENSEN

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/30/2024
By: _____ S. Burdette _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| PAUL JENSEN,<br><br>     Plaintiff,<br><br>vs.<br><br>CENTENE CORPORATION, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, Does 1 to 50,<br><br>     Defendants. | Case No.: 24CV026785<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FEHA – Failure to Accommodate**<br><br>2. **FEHA -- Failure to Engage in Interactive Process**<br><br>3. **FEHA – Disability Discrimination**<br><br>4. **FEHA – Age Discrimination**<br><br>5. **CFRA – Failure to Provide Leave**<br><br>6. **CFRA - Retaliation**<br><br>7. **Wrongful Termination in Violation of Public Policy**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PAUL JENSEN is informed and believes, and on that basis alleges as follows:

### THE PARTIES

1.     Plaintiff was, at all relevant times, an adult resident of California and an employee of Defendants in Sacramento County. As of this filing, Plaintiff is 73 years old..

2.     Defendant CENTENE CORPORATION is a corporation, doing business in Sacramento County, and Plaintiff's former employer.

-1-

COMPLAINT

3. Defendant LINCOLN NATIONAL LIFE INSURANCE COMPANY is a corporation, doing business in Sacramento County, and an agent of Defendant CENTENE. LINCOLN NATIONAL LIFE INSURANCE COMPANY is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.)

4. Defendant LINCOLN FINANCIAL GROUP is a business entity, of form unknown to Plaintiff, doing business in Sacramento County, and an agent of Defendant. CENTENE. LINCOLN FINANCIAL GROUP is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.) As used in this Complaint, "LINCOLN" refers to LINCOLN FINANCIAL GROUP and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, jointly and severally.

5. The true names and capacities of Defendants Does 1 through 10 are unknown to Plaintiff, who, therefore, sues these Does by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

6. At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents of each of the remaining Defendants, and were at all times acting within the scope of that agency, and each Defendant has ratified the acts of his/her/its co-Defendants.

7. Defendants, and each of them, acted as alleged herein with an intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.

8. Plaintiff has exhausted his administrative remedies by filing a complaint with the California Civil Rights Department. The Civil Rights Department issued Plaintiff a "right to sue" letter with on year of this Complaint. A true and accurate copy of the right to sue letter is attached hereto as Exhibit A.

-2-

COMPLAINT

## STATEMENT OF FACTS

9.    Plaintiff has been employed by CENTENE and its corporate predecessor since 2002. At the time of termination, his job title was Lead Physical Security Specialist. Plaintiff is a former municipal Police Officer. At CENTENE, he was responsible for building security: camera systems, alarm systems, badging, and the like.

10.    In 2022, Plaintiff's wife was diagnosed with cancer. Hers was a particularly bad cancer, requiring multiple surgeries and extensive treatment. Plaintiff was heavily involved with his wife's care and treatment, and remained heavily involved through the time of his request for medical leave, described *infra*.

11.    In early 2024, leading up to Plaintiff's request for medical leave, Plaintiff's adult son was behaving erratically, and engaged in behaviors that were hostile and harmful to Plaintiff and his wife.

12.    These family difficulties were very stressful, and led Plaintiff to develop a mental disability. Plaintiff requested leave as an accommodation for his disability.

13.    CENTENE has retained LINCOLN to administer certain employee benefits, including decision-making for leaves covered by the California Family Rights Act, the Fair Employment & Housing Act, and other laws. As directed by CENTENE, Plaintiff submitted a leave request to LINCOLN, with leave to begin March 1, 2024.

14.    On March 1, 2024, LINCOLN acknowledged receipt of Plaintiff's request for leave, and designated the leave as "Family & Medical Leave Act (FMLA) and/or State leave, Centene Corporation Medical Leave, and disability claim for a leave of absence."

15.    On April 4, 2024, LINOLN notified Plaintiff that his "FMLA and/or [CFRA] leave has been approved" and that he had "480 hours of unpaid leave remaining" under CFRA.

16.    On at least two occasions after March 1, 2024, Plaintiff's treating physician submitted to LINCOLN, on forms supplied by LINCOLN, documentation of Plaintiff's need for leave, with an anticipated return to work date of August 24, 2024. Plaintiff's treating

-3-

COMPLAINT

physician's office also had one or more telephone conversations with LINCOLN, in which Plaintiff's need for leave was confirmed.

17. From March 1, 2024 forward, LINCOLN sent Plaintiff confusing and internally inconsistent letters regarding his leave and leave request. The letters incorrectly stated the dates for which Plaintiff requested leave, and requested supporting documentation that Plaintiff and his physician had already provided.

18. On June 3, 2024, according to LINCOLN, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA.

19. On June 24, 2024, CENTENE terminated Plaintiff's employment. CENTENE falsely stated that Plaintiff "failed to contact [LINCOLN] and/or submit a request to extend your leave of absence. You have failed to return from leave." CENTENE deemed this a "voluntary resignation" and informed Plaintiff "your employment has been terminated effective today."

20. As a proximate result of Defendants' conduct, Plaintiff has suffered the loss of income, and will continue to suffer loss of income in the future.

21. As a proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.

**FIRST CAUSE OF ACTION**
**FEHA – FAILURE TO ACCOMMODATE**
**(Against Defendants CENTENE and LINCOLN)**

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 of this Complaint, and incorporates them by reference, as though set forth in full.

23. Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

24. Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

25.    At all relevant times, Plaintiff was a person with a disability within the meaning of FEHA. Plaintiff requested a leave of absence from work as an accommodation for his disability. Such leave is expressly authorized as a type of accommodation required by FEHA. (2 CCR § 11068(c).)

26.    Defendants refused to provide the leave Plaintiff requested and, instead, terminated his employment in violation of Gov. Code § 12940(m).

27.    WHEREFORE, Plaintiff seeks relief as requested below.

### SECOND CAUSE OF ACTION
### FEHA – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### (Against Defendants CENTENE and LINCOLN)

28.    Plaintiff repeats and re-alleges paragraphs 1 through 27 above, and incorporates them by reference, as though set forth in full.

29.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

30.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

31.    FEHA requires an employer to either agree to an employee's request for reasonable accommodation, or engage in a timely & good-faith interactive process with the requesting employee, to ascertain what alternative accommodations may be available. Defendants did not provide the leave requested by Plaintiff, and did not engage in the required interactive process, in violation of Gov. Code § 12940(n).

32.    WHEREFORE, Plaintiff seeks relief as requested below.

### THIRD CAUSE OF ACTION
### FEHA – DISABILITY DISCRIMINATION
### (Against Defendant CENTENE and LINCOLN)

33.    Plaintiff repeats and re-alleges paragraphs 1 through 32 above, and incorporates them by reference, as though set forth in full.

-5-

34.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

35.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

36.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that employee's status as a person with a disability. (Gov. Code § 12940(a).)

37.    Plaintiff's status as a person with a disability was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

38.    WHEREFORE, Plaintiff seeks relief as requested below.

**FOURTH CAUSE OF ACTION**
**FEHA – AGE DISCRIMINATION**
**(Against Defendants CENTENE and LINCOLN)**

39.    Plaintiff repeats and re-alleges paragraphs 1 through 38 above, and incorporates them by reference, as though set forth in full.

40.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

41.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

42.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that's employee's age of 40 or more years. (Gov. Code § 12940(a).)

43.    Plaintiff's age, 73 at the time of termination, was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

44.    WHEREFORE, Plaintiff seeks relief as requested below.

-6-

## FIFTH CAUSE OF ACTION
### CFRA – FAILURE TO PROVIDE LEAVE
(Against Defendant CENTENE)

45.    Plaintiff repeats and re-alleges paragraphs 1 through 44 above, and incorporates them by reference, as though set forth in full.

46.    Defendant CENTENE was, at all relevant times, an employer subject to liability under CFRA.

47.    Plaintiff was, at all relevant times, a covered employee, entitled to twelve weeks of medical leave under CFRA. (Gov. Code § 12945.2.)

48.    Plaintiff requested leave for his own serious medical condition from March 1, 2024 to August 24, 2024. The first 12 weeks of that period would be covered by CFRA (with the balance to be provided as a disability accommodation under FEHA).

49.    According to Defendants, Plaintiff's "requested leave of absence ended on 05/01/2024 ." This was false, Plaintiff requested leave until August 24, 2024. According to Defendants, as of June 3, 2024, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA. Had Plaintiff been on CFRA leave from March 1 to June 3, he would have exhausted his 12 week bank of CFRA leave.

50.    Defendants did not approve Plaintiff for CFRA leave after 5/1/24, despite Plaintiff's request for leave, and his balance – according to Defendants – of 128 hours of CFRA leave.

51.    Defendant CENTENE failed and refused to provide Plaintiff with 12 weeks of protected leave, in violation of CFRA.

52.    WHEREFORE, Plaintiff seeks relief as requested below.

## FIFTH CAUSE OF ACTION
### CFRA –RETALIATION
(Against Defendant CENTENE)

53.    Plaintiff repeats and re-alleges paragraphs 1 through 52 above, and incorporates them by reference, as though set forth in full.

-7-

COMPLAINT

54. Under CFRA, it is an illegal employment practice to retaliate against an employee for exercising his right to CFRA leave. (Gov. Code § 12945.2(k).)

55. Plaintiff's action of requesting, and taking, CFRA leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

56. WHEREFORE, Plaintiff seeks relief as requested below.

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against Defendant Centene)

57. Plaintiff repeats and re-alleges paragraphs 1 through 56 above, and incorporates them by reference, as though set forth in full.

58. The public policy of the State of California, including, without limitation, CFRA and FEHA, prohibits employers from terminating employees due to age or disability, or in retaliation for requesting accommodations or medical leave, or for taking medical leave.

59. Defendant's decision to terminate Plaintiff's employment was made in violation of the foregoing public policies.

60. WHEREFORE, Plaintiff seeks relief as requested below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and for the requested relief as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages;

4. For pre-judgment and post-judgment interest, at the maximum rate and from the earliest date allowed, according to proof;

5. For attorney fees and costs, as permitted by law, with respect to the First, Second, Third, Fourth and Fifth Causes of Action;

6. For costs of suit, as permitted by law;

7. For injunctive relief requiring Defendant Centene to distribute information to its employees regarding their rights to take leave under CFRA and FEHA, for injunctive relief

-8-

COMPLAINT

requiring Defendant Lincoln to revise its form of communicating with Cenetene employees regarding leave, and for such other and further injunctive relief as the Court deems appropriate; and

    8.    For such other and further relief as the Court deems just and proper.

Dated: December 30, 2024

By: /s/ George F. Allen
    George F. Allen, Attorney for
    Plaintiff Paul Jensen

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims triable by jury.

Dated: December 30, 2024

By: /s/ George F. Allen
    George F. Allen, Attorney for
    Plaintiff Paul Jensen

-9-

COMPLAINT

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 30, 2024

Paul Jensen
8491 Andre Court
Citrus Heights, CA 95610

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202412-27312306
       Right to Sue: Jensen / Centene Corporation et al.

Dear Paul Jensen:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 30, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Paul Jensen | |
| DEFENDANT/RESPONDENT:<br>Centene Corporation et al | |

| NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>24CV026785 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Christopher E. Krueger | Hall of Justice | 54 |
| **CASE MANAGEMENT PROGRAM** | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **January 16, 2026** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)

| SHORT TITLE: JENSEN vs CENTENE CORPORATION, et al. | CASE NUMBER: 24CV026785 |

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/02/2025                    By:

/s/ S. Burdette
S. Burdette, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

# SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

Case 2:25-cv-00553-TLN-AC    Document 1-2    Filed 02/18/25    Page 49 of 66
Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

## Arbitration

### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

## Additional Information

For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

**SUM-100**

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
01/03/2025
By: _____ Jessica Sroufe _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Centene Corporation, The Lincoln National Life Insurance Company, Lincoln Financial Group, Does 1 to 10, Centene Management Company, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Paul Jensen

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court

720 Ninth Street, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*
**24CV026785**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Allen, 1903 21st Street, Sacramento, CA 95811  916-444-8765

| DATE: *(Fecha)* 01/03/2025 | Clerk, by *(Secretario)* ____ /s/ J. Sroufe ____ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SACRAMENTO** | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Paul Jensen | |
| DEFENDANT/RESPONDENT:<br>Centene Corporation et al | |

| **NOTICE OF CASE ASSIGNMENT**<br>**AND CASE MANAGEMENT CONFERENCE**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>24CV026785 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Christopher E. Krueger | Hall of Justice | 54 |
| **CASE MANAGEMENT PROGRAM** | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **January 16, 2026** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

| SHORT TITLE: JENSEN vs CENTENE CORPORATION, et al. | CASE NUMBER: 24CV026785 |
| --- | --- |

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/02/2025                                          By:

*/s/ S. Burdette*
S. Burdette, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

GEORGE F. ALLEN (SBN 145357)
1903 21ST Street
Sacramento, CA 95811
(916) 444-8765
*looga@looga.com*

Attorney for Plaintiff
PAUL JENSEN

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/30/2024
By: _____ S. Burdette _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| PAUL JENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTENE CORPORATION, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP, Does 1 to 50,<br><br>    Defendants. | Case No.: 24CV026785<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FEHA – Failure to Accommodate**<br><br>2. **FEHA – Failure to Engage in Interactive Process**<br><br>3. **FEHA – Disability Discrimination**<br><br>4. **FEHA – Age Discrimination**<br><br>5. **CFRA – Failure to Provide Leave**<br><br>6. **CFRA - Retaliation**<br><br>7. **Wrongful Termination in Violation of Public Policy**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PAUL JENSEN is informed and believes, and on that basis alleges as follows:

### THE PARTIES

1.      Plaintiff was, at all relevant times, an adult resident of California and an employee of Defendants in Sacramento County. As of this filing, Plaintiff is 73 years old..

2.      Defendant CENTENE CORPORATION is a corporation, doing business in Sacramento County, and Plaintiff's former employer.

-1-

3.    Defendant LINCOLN NATIONAL LIFE INSURANCE COMPANY is a corporation, doing business in Sacramento County, and an agent of Defendant CENTENE. LINCOLN NATIONAL LIFE INSURANCE COMPANY is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.)

4.    Defendant LINCOLN FINANCIAL GROUP is a business entity, of form unknown to Plaintiff, doing business in Sacramento County, and an agent of Defendant. CENTENE. LINCOLN FINANCIAL GROUP is a former "employer" of Plaintiff, as that term is defined in the Fair Employment & Housing Act. (Raines v. U.S. Healthworks Medical Group. (2023) 15 Cal.5th 268.) As used in this Complaint, "LINCOLN" refers to LINCOLN FINANCIAL GROUP and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, jointly and severally.

5.    The true names and capacities of Defendants Does 1 through 10 are unknown to Plaintiff, who, therefore, sues these Does by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible to Plaintiff in some manner for the matters described in this Complaint.

6.    At all times described in this Complaint, and in all the matters alleged, Defendants, and each of them, were the agents of each of the remaining Defendants, and were at all times acting within the scope of that agency, and each Defendant has ratified the acts of his/her/its co-Defendants.

7.    Defendants, and each of them, acted as alleged herein with an intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.

8.    Plaintiff has exhausted his administrative remedies by filing a complaint with the California Civil Rights Department. The Civil Rights Department issued Plaintiff a "right to sue" letter with on year of this Complaint. A true and accurate copy of the right to sue letter is attached hereto as Exhibit A.

COMPLAINT

**STATEMENT OF FACTS**

9.    Plaintiff has been employed by CENTENE and its corporate predecessor since 2002. At the time of termination, his job title was Lead Physical Security Specialist. Plaintiff is a former municipal Police Officer. At CENTENE, he was responsible for building security: camera systems, alarm systems, badging, and the like.

10.    In 2022, Plaintiff's wife was diagnosed with cancer. Hers was a particularly bad cancer, requiring multiple surgeries and extensive treatment. Plaintiff was heavily involved with his wife's care and treatment, and remained heavily involved through the time of his request for medical leave, described *infra*.

11.    In early 2024, leading up to Plaintiff's request for medical leave, Plaintiff's adult son was behaving erratically, and engaged in behaviors that were hostile and harmful to Plaintiff and his wife.

12.    These family difficulties were very stressful, and led Plaintiff to develop a mental disability. Plaintiff requested leave as an accommodation for his disability.

13.    CENTENE has retained LINCOLN to administer certain employee benefits, including decision-making for leaves covered by the California Family Rights Act, the Fair Employment & Housing Act, and other laws. As directed by CENTENE, Plaintiff submitted a leave request to LINCOLN, with leave to begin March 1, 2024.

14.    On March 1, 2024, LINCOLN acknowledged receipt of Plaintiff's request for leave, and designated the leave as "Family & Medical Leave Act (FMLA) and/or State leave, Centene Corporation Medical Leave, and disability claim for a leave of absence."

15.    On April 4, 2024, LINOLN notified Plaintiff that his "FMLA and/or [CFRA] leave has been approved" and that he had "480 hours of unpaid leave remaining" under CFRA.

16.    On at least two occasions after March 1, 2024, Plaintiff's treating physician submitted to LINCOLN, on forms supplied by LINCOLN, documentation of Plaintiff's need for leave, with an anticipated return to work date of August 24, 2024. Plaintiff's treating

-3-

COMPLAINT

physician's office also had one or more telephone conversations with LINCOLN, in which Plaintiff's need for leave was confirmed.

17.    From March 1, 2024 forward, LINCOLN sent Plaintiff confusing and internally inconsistent letters regarding his leave and leave request. The letters incorrectly stated the dates for which Plaintiff requested leave, and requested supporting documentation that Plaintiff and his physician had already provided.

18.    On June 3, 2024, according to LINCOLN, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA.

19.    On June 24, 2024, CENTENE terminated Plaintiff's employment. CENTENE falsely stated that Plaintiff "failed to contact [LINCOLN] and/or submit a request to extend your leave of absence. You have failed to return from leave." CENTENE deemed this a "voluntary resignation" and informed Plaintiff "your employment has been terminated effective today."

20.    As a proximate result of Defendants' conduct, Plaintiff has suffered the loss of income, and will continue to suffer loss of income in the future.

21.    As a proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.

**FIRST CAUSE OF ACTION**
**FEHA – FAILURE TO ACCOMMODATE**
**(Against Defendants CENTENE and LINCOLN)**

22.    Plaintiff repeats and re-alleges paragraphs 1 through 21 of this Complaint, and incorporates them by reference, as though set forth in full.

23.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

24.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

-4-

25.    At all relevant times, Plaintiff was a person with a disability within the meaning of FEHA. Plaintiff requested a leave of absence from work as an accommodation for his disability. Such leave is expressly authorized as a type of accommodation required by FEHA. (2 CCR § 11068(c).)

26.    Defendants refused to provide the leave Plaintiff requested and, instead, terminated his employment in violation of Gov. Code § 12940(m).

27.    WHEREFORE, Plaintiff seeks relief as requested below.

**SECOND CAUSE OF ACTION**
**FEHA – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**
**(Against Defendants CENTENE and LINCOLN)**

28.    Plaintiff repeats and re-alleges paragraphs 1 through 27 above, and incorporates them by reference, as though set forth in full.

29.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

30.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, pursuant to Govt. Code § 12940(i), Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

31.    FEHA requires an employer to either agree to an employee's request for reasonable accommodation, or engage in a timely & good-faith interactive process with the requesting employee, to ascertain what alternative accommodations may be available. Defendants did not provide the leave requested by Plaintiff, and did not engage in the required interactive process, in violation of Gov. Code § 12940(n).

32.    WHEREFORE, Plaintiff seeks relief as requested below.

**THIRD CAUSE OF ACTION**
**FEHA – DISABILITY DISCRIMINATION**
**(Against Defendant CENTENE and LINCOLN)**

33.    Plaintiff repeats and re-alleges paragraphs 1 through 32 above, and incorporates them by reference, as though set forth in full.

-5-

34.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

35.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

36.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that employee's status as a person with a disability. (Gov. Code § 12940(a).)

37.    Plaintiff's status as a person with a disability was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

38.    WHEREFORE, Plaintiff seeks relief as requested below.

**FOURTH CAUSE OF ACTION**
**FEHA – AGE DISCRIMINATION**
**(Against Defendants CENTENE and LINCOLN)**

39.    Plaintiff repeats and re-alleges paragraphs 1 through 38 above, and incorporates them by reference, as though set forth in full.

40.    Defendant CENTENE was, at all relevant times, an employer subject to liability under FEHA.

41.    Defendant LINCOLN was, at all relevant times, an employer subject to liability under FEHA. Alternatively, Defendant LINCOLN is liable for aiding and abetting a violation of FEHA by CENTENE.

42.    FEHA makes it an illegal employment practice to discriminate against an employee on the basis of that's employee's age of 40 or more years. (Gov. Code § 12940(a).)

43.    Plaintiff's age, 73 at the time of termination, was a motivating reason for Defendants' decision to terminate Plaintiff's employment.

44.    WHEREFORE, Plaintiff seeks relief as requested below.

COMPLAINT

**FIFTH CAUSE OF ACTION**
**CFRA – FAILURE TO PROVIDE LEAVE**
**(Against Defendant CENTENE)**

45.    Plaintiff repeats and re-alleges paragraphs 1 through 44 above, and incorporates them by reference, as though set forth in full.

46.    Defendant CENTENE was, at all relevant times, an employer subject to liability under CFRA.

47.    Plaintiff was, at all relevant times, a covered employee, entitled to twelve weeks of medical leave under CFRA. (Gov. Code § 12945.2.)

48.    Plaintiff requested leave for his own serious medical condition from March 1, 2024 to August 24, 2024. The first 12 weeks of that period would be covered by CFRA (with the balance to be provided as a disability accommodation under FEHA).

49.    According to Defendants, Plaintiff's "requested leave of absence ended on 05/01/2024 ." This was false, Plaintiff requested leave until August 24, 2024. According to Defendants, as of June 3, 2024, Plaintiff had "128 hours of unpaid leave remaining under the Family & Medical Leave Act" and under CFRA. Had Plaintiff been on CFRA leave from March 1 to June 3, he would have exhausted his 12 week bank of CFRA leave.

50.    Defendants did not approve Plaintiff for CFRA leave after 5/1/24, despite Plaintiff's request for leave, and his balance – according to Defendants – of 128 hours of CFRA leave.

51.    Defendant CENTENE failed and refused to provide Plaintiff with 12 weeks of protected leave, in violation of CFRA.

52.    WHEREFORE, Plaintiff seeks relief as requested below.

**FIFTH CAUSE OF ACTION**
**CFRA –RETALIATION**
**(Against Defendant CENTENE)**

53.    Plaintiff repeats and re-alleges paragraphs 1 through 52 above, and incorporates them by reference, as though set forth in full.

-7-

54. Under CFRA, it is an illegal employment practice to retaliate against an employee for exercising his right to CFRA leave. (Gov. Code § 12945.2(k).)

55. Plaintiff's action of requesting, and taking, CFRA leave was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

56. WHEREFORE, Plaintiff seeks relief as requested below.

### SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against Defendant Centene)

57. Plaintiff repeats and re-alleges paragraphs 1 through 56 above, and incorporates them by reference, as though set forth in full.

58. The public policy of the State of California, including, without limitation, CFRA and FEHA, prohibits employers from terminating employees due to age or disability, or in retaliation for requesting accommodations or medical leave, or for taking medical leave.

59. Defendant's decision to terminate Plaintiff's employment was made in violation of the foregoing public policies.

60. WHEREFORE, Plaintiff seeks relief as requested below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and for the requested relief as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages;

4. For pre-judgment and post-judgment interest, at the maximum rate and from the earliest date allowed, according to proof;

5. For attorney fees and costs, as permitted by law, with respect to the First, Second, Third, Fourth and Fifth Causes of Action;

6. For costs of suit, as permitted by law;

7. For injunctive relief requiring Defendant Centene to distribute information to its employees regarding their rights to take leave under CFRA and FEHA, for injunctive relief

-8-

requiring Defendant Lincoln to revise its form of communicating with Cenetene employees regarding leave, and for such other and further injunctive relief as the Court deems appropriate; and

        8.     For such other and further relief as the Court deems just and proper.

Dated:  December 30, 2024

By: /s/ George F. Allen
George F. Allen, Attorney for
Plaintiff Paul Jensen

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all claims triable by jury.

Dated:  December 30, 2024

By: /s/ George F. Allen
George F. Allen, Attorney for
Plaintiff Paul Jensen

-9-

COMPLAINT

EXHIBIT A



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 30, 2024

Paul Jensen
8491 Andre Court
Citrus Heights, CA 95610

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202412-27312306
Right to Sue: Jensen / Centene Corporation et al.

Dear Paul Jensen:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 30, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| George F. Allen SBN 145357<br>1903 21st StreetSacramento, CA 95811<br><br>TELEPHONE NO.: 916-444-8765          FAX NO. :<br>EMAIL ADDRESS: looga@looga.com<br>ATTORNEY FOR *(Name):* Plaintiff Paul Jensen | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>12/30/2024<br>By: _____ Deputy<br>S. Burdette |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME:
Jensen v Centene Corporation, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24CV026785<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 30, 2024

George F. Allen
(TYPE OR PRINT NAME)

▶ /s/ George F. Allen
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
01/02/2025
By: _____ S. Burdette _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Centene Corporation, The Lincoln National Life Insurance Company, Lincoln Financial Group, Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Paul Jensen

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court

720 Ninth Street, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

**24CV026785**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Allen, 1903 21st Street, Sacramento, CA 95811  916-444-8765

DATE:
*(Fecha)* 01/02/2025

Clerk, by
*(Secretario)* /s/ S. Burdette

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   | Print this form | Save this form | | Clear this form |